:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRETT S. TUNSIL,** | : | Civil No. 1:19-CV-0386 |
| Plaintiff, | : | Judge Sylvia H. Rambo |
| v. | : | |
| **GOVERNOR THOMAS WOLF, et al.,** | : | |
| Defendants. | : | |

## **MEMORANDUM**

Presently before the Court is Mr. Tunsil's motions for "emergency intervention" and recusal. (Docs. 27 and 32.) For the reasons that follow, the Court will deny both motions.

## I. Introduction

On March 1, 2019, Barrett S. Tunsil, an individual presently housed at the Pennsylvania Department of Corrections (DOC) State Correctional Institution in Coal Township (SCI-Coal Township), Pennsylvania, proceeding *pro se* filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his Complaint Mr. Tunsil alleged DOC officials from three different facilities committed acts of "medical malpractice" and "official misconduct" due to their "racial prejudices and … racial hatred". (*Id.*) The Court dismissed the Complaint on June 13, 2019 pursuant to 28 U.S.C. § 1915A but

granted Mr. Tunsil leave to file an amended complaint. (Doc. 14.) He filed an Amended Complaint (Doc. 16) naming twenty-one Defendants consisting of SCI-Coal Township correctional and contract medical staff. He claims Defendants verbally assaulted him and withheld medical and mental health care due to their racial animosity towards him. (*Id.*) The Court ordered service of the Amended Complaint on November 4, 2019. (Doc. 29.) Defendants have recently filed a motion for a more definite statement (Doc. 38), Mr. Tunsil has yet to file a response.

**II.     Discussion**

    **A.     Motion for Emergency Interventions**

Mr. Tunsil filed a motion for intervention claiming Defendants have denied him appropriate care for his unspecified chronic illnesses. He does not identify which Defendants allegedly withheld or interfered with his access to medical care. (Doc. 27.) The Court will deny Mr. Tunsil's motion will be denied due to his failure to file a supporting brief as required by Pa. M.D. Local Rule 7.5. *See* Doc. 6, Standing Practice Order.

    **B.     Motion for Recusal**

Mr. Tunsil's November 21, 2019-letter request that the undersign "recuse" herself and transfer this matter to a different jurist having "no political quid-pro-que (sic) and/or

2

vested interest" in this matter.  (Doc. 32.)  Mr. Tunsil basis his request "on allegations [of] fact and [his] constitutional rights to a 'fair trial.'"  (*Id.*)

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The Supreme Court requires recusal when "objectively speaking 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'"  *Isom v. Arkansas*, 140 S.Ct. 342 (2019) (citing *Rippo v. Baker*, 137 S.Ct. 905, 907, 197 L.Ed.2d 167 (2017) (per curiam) (quoting *Withrow v. Larkins*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975)).  The test is whether "the average judge in [the same] position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Isom*, 140 S.Ct. at 343 (quoting *Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905, 195 L.Ed.2d 132 (2016)); *see also In re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) ( The test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.")  Moreover, rulings and orders "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky* v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).  Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of

3

prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.,* 510 U.S. at 555, 114 S.Ct. at 1157.

Under this standard, the undersigned need not recuse herself. Mr. Tunsil does not provide any concrete facts to support his assertion of bias. To the extent Mr. Tunsil objects to the Court's screening order dismissing the Complaint, it is important to note that the Court granted him leave to file an amended complaint after explaining the deficiencies of his pleading. As Mr. Tunsil's motion for recusal is unsupported by any evidence it will be denied.

An appropriate order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

December 23, 2019