# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRETT S. TUNSIL,** | : | **Civil No. 1:19-CV-0386** |
| **Plaintiff,** | : | **Judge Sylvia H. Rambo** |
| v. | : | |
| **GOVERNOR THOMAS WOLF, et al.,** | : | |
| **Defendants.** | : | |

## **MEMORANDUM**

Presently before the Court is Mr. Tunsil's second, third and fourth motions for appointment of counsel, a second motion for recusal and a restraining order. (Docs. 51, 53 and 55.) For the follow reasons, the Court will deny all of Mr. Tunsil's motions.

## I.  Background

On March 1, 2019, Barrett Tunsil, an individual presently housed at the State Correctional Institution in Coal Township, Pennsylvania (SCI-Coal Township), filed this *pro se* action pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his Complaint, Mr. Tunsil alleges Pennsylvania Department of Corrections (DOC) staff at three different facilities committed acts of "medical malpractice" and "official misconduct" due to their "racial prejudices and … racial hatred". (*Id*.) Mr. Tunsil paid the filing fee in this matter and does not proceed *in forma pauperis*. (Doc. 9.) Pursuant to 28 U.S.C. 1915A, the Court

screened the Complaint and dismissed it on June 13, 2019 but granted Mr. Tunsil leave to file an amended complaint. (Doc. 14.)

Mr. Tunsil filed an Amended Complaint on June 12, 2019, naming twenty-one defendants consisting of SCI-Coal Township correctional and contract medical staff. (Doc. 16.) He alleges Defendants, due to their racial animosities towards him, verbally assaulted him and withheld medically necessary care for his physical and mental health ailments. (*Id*.) The Court directed service of the Amended Complain on November 4, 2019. (Doc. 29.)

The Corrections Defendants (Wolf, Wetzel, Moore-Smeal, McGinley, Hopwood, Kopp, Schell, Kulenguskey, Rudisill, Adams, Brownawell, Dramer, Dunn, Biscoe, Firese, Fisher and Howal) have filed a Motion for More Definite Statement. (Doc. 37.) Mr. Tunsil has neither filed a response to the Correction Defendants' motion nor sought an enlargement of time to do so. The remaining Defendants (Physician Assistant Buraslaw, Dr. Cooper, Dr. Wallace and Dr. Moclock) have waived service but not yet filed a response to the Amended Complaint. (Docs. 47, 48, 50 and 52.)

**II. Discussion**

    **A.  Motions for Counsel** (Docs. 51, 53 and 55)

Mr. Tunsil previously requested counsel after experiencing a "retaliatory cell search" on August 6, 2019 during which staff stole some of his legal materials. (Doc. 18.) He also stated staff verbally threated him with further retaliation if he did not drop

2

this lawsuit. (*Id.*) On November 9, 2019, the Court denied his request without prejudice citing the all familiar factors listed in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) which are utilized by district courts when exercising their discretionary power to appoint counsel for indigent civil litigants. As previously noted, Mr. Tunsil is not an indigent civil litigant. (Doc. 28.) Mr. Tunsil's second, third and fourth motions for counsel are similarly based. He claims a non-defendant, Mr. Kleman, his Counselor, told him "I ain't gonna deal with you anymore if you won't stop your grieving complaints about staff" after the met to discuss Mr. Tunsil's claims of criminal conduct of SCI-Coal Township "administrators and contractors". (Doc. 55.) He also claims that his financial situation, his access to approximately $6,000 in his inmate trust fund account and private saving account, leaves him financially unable to obtain counsel because most counsel want "$7,500.00 with hourly rates and other billed in incidental expenses of which [he] is financially unable to pay". (Doc. 53.)

As the Court previously advised Mr. Tunsil, prisoners do not have a constitutional or statutory right to appointment of counsel in civil cases. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). In determining whether to appoint counsel for an indigent civil litigant, district courts consider the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. *See Tabron, supra; see also* 28 U.S.C. § 1915(e)(1). The Court will not appoint counsel for Mr. Tunsil at this moment for several reasons.

First, Mr. Tunsil is not indigent and has not been granted *in forma pauperis status.* Thus, Section 1915(e)(1) does not apply to his claim. Nonetheless, even if the Court had authority to request counsel pursuant to 28 U.S.C. § 1915(e)(1), the Court only seeks volunteer counsel in the most serious and exceptional cases. *See Tabron, supra.* Mr. Tunsil does not cite to any physical, mental or language barrier that prevents him from pursing his own case. His Complaint, Amended Complaint, and additional filings with the Court demonstrate that he possesses the ability to read, write, comprehend, and communicate in English. The same filings also demonstrate his unimpeded access to the Court. Aside from financial difficulties, Mr. Tunsil has not explained why he is unable to litigate this case on his own. Further, at this stage of the proceedings, the Court cannot make a determination that Mr. Tunsil is likely to succeed on the merits. Additionally, based on a review of the record in this case, the Court does not find that he cannot adequately articulate his claims. For these reasons, Mr. Tunsil's second, third and fourth motions for the appointment of counsel will be denied without prejudice.

**B.     Motion for Recusal and Restraining Order**

In his second motion for recusal, Mr. Tunsil argues "[t]his Court has continued to reluctantly ignore this Plaintiff's pleas to 1. prevent 2. Restrain 3. Stop, etc., the[ ] defendants from using their authority-positions-powers-subordinates-tactics (criminal), and ability to create false-malicious-negligent, and racist situations to cover up /overshadow [his] allegations of corruption." (Doc. 55.) He argues that that this Court

4

ignores his claims of Defendants' malfeasance which in turn emboldens the Defendants to "brag and show just how powerful they are politically here in the Middle District of Pennsylvania, just like a MAFIA GANG." (*Id.*) "It appears to this Plaintiff, that this court 'is' participating in a scandalous endeavor to force the Plaintiff to drop/dismiss his civil action against the courts (supposed) favorite Defendants." (*Id.*) Aside from seeking the removal of the undersigned, Mr. Tunsil requests the United States Department of Justice investigate the veracity of his allegations. (*Id.*)

First, with respect to recusal, pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court requires recusal when "objectively speaking 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'" *Isom v. Arkansas*, 140 S.Ct. 342 (2019) (citing *Rippo v. Baker*, 137 S.Ct. 905, 907, 197 L.Ed.2d 167 (2017) (per curiam) (quoting *Withrow v. Larkins*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975)). The test is whether "the average judge in [the same] position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Isom*, 140 S.Ct. at 343 (quoting *Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016)); *see also In re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) ( The test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.") Moreover, rulings and orders "can only in

5

the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.,* 510 U.S. at 555, 114 S.Ct. at 1157. Here, aside from Mr. Tunsil's self-serving statements of the Court's alleged bias against him, he cites no factual basis to support his claim. This case is in its procedural infancy. Although the Commonwealth Defendants have filed a motion for a more definite statement in response to the Amended Complaint, the remaining Defendants have yet to answer or otherwise respond to the Amendment Complaint. Moreover, to the extent that Mr. Tunsil asks the Court to file criminal charges against the Defendants based on the allegations of his Amended Complaint, this request for relief must be denied. This Court cannot impose criminal penalties on any of the Defendants through the mechanism of a civil rights action, absent actions amounting to contempt of court. *See Concepcion v. Resnik*, 143 F. App'x 422, 525-26 (3d Cir. 2005). The law is clear that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors. Such complaints must be initiated by a United States Attorney or a federal grand jury, not the federal court. *See U.S. v.*

*Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.") Likewise, the Court cannot initiate criminal investigations. *See, e.g.*, *Williams ex rel. Faison v. U.S. Penitentiary Lewisburg*, 377 F. App'x 255, 256 (3d Cir. 2010) (per curiam) ("Because Williams requested only criminal prosecution of those allegedly responsible for her brother's death, her claims are not cognizable.")

Next, Mr. Tunsil seeks a "restraining order against defendants" from using their authority to continually intimidate and threaten him. (Doc. 55.) He claims a non-defendant, his Counselor, Mr. Kleman told him he would not deal with him anymore if he continued to file grievances against staff.

"A preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). In determining whether to grant a motion seeking preliminary injunctive relief, the Court considers the following four factors: "(1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the first two "gateway factors" are satisfied, "a court then considers the remaining two

factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179.

To date, Mr. Tunsil has not made a showing that he is likely to succeed on the merits of his claim. "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). An injunction will not issue "simply to eliminate a possibility of a remote future injury ..." *Acierno v. New Castle County,* 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). Mr. Tunsil has not presented any evidence in his "request" that he will suffer irreparable harm by the denial of an injunction. On the contrary, he asks this Court to impose an injunction based on his belief of hypothetical future retaliation. Hence, the "request" is facially unripe and subject to dismissal. *See Dawson v. Frias,* 2010 WL 1379894, at *3 (D.N.J. March 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim); *Patterson v. Lilley,* 2003 WL 21507345 (S.D.N.Y. June 20, 2003) (defendants could only be held deliberately indifferent to an existing condition, not a speculative future injury).

An appropriate order follows.

Dated:  February 18, 2020            S/Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge