IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRETT S. TUNSIL,** | : | **Civil No. 1:19-CV-0386** |
| | : | |
| **Plaintiff,** | : | **Judge Sylvia H. Rambo** |
| | : | |
| **v.** | : | |
| | : | |
| **GOVERNOR THOMAS WOLF, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

Presently before the Court is Mr. Tunsil's fifth motion for appointment of counsel, second motion for a restraining order and motion for enlargement of time to respond to Defendants' motions for a more definite statement.  (Docs. 62, 63 and 66.)  For the follow reasons, the Court will deny all of Mr. Tunsil's fifth motion for counsel, motion for a temporary restraining order.  Mr. Tunsil will be granted an enlargement of time o respond to Defendants' motions.

## I.    Background

On March 1, 2019, Barrett Tunsil, an individual presently housed at the State Correctional Institution in Coal Township, Pennsylvania (SCI-Coal Township), filed this *pro se* action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  In his Complaint, Mr. Tunsil

alleges Pennsylvania Department of Corrections (DOC) staff at three different facilities committed acts of "medical malpractice" and "official misconduct" due to their "racial prejudices and … racial hatred".  (*Id*.)  Mr. Tunsil paid the filing fee in this matter and does not proceed *in forma pauperis*.  (Doc. 9.)  Pursuant to 28 U.S.C. 1915A, the Court screened the Complaint and dismissed it on June 13, 2019 but granted Mr. Tunsil leave to file an amended complaint.  (Doc. 14.)

Mr. Tunsil filed an Amended Complaint on June 12, 2019, naming twenty-one defendants consisting of SCI-Coal Township correctional and contract medical staff. (Doc. 16.)  He alleges Defendants, due to their racial animosities towards him, verbally assaulted him and withheld medically necessary care for his physical and mental health ailments.  (*Id*.)  The Court directed service of the Amended Complain on November 4, 2019.  (Doc. 29.)

The Corrections Defendants (Wolf, Wetzel, Moore-Smeal, McGinley, Hopwood, Kopp, Schell, Kulenguskey, Rudisill, Adams, Brownawell, Dramer, Dunn, Biscoe, Firese, Fisher and Howal) have filed a Motion for More Definite Statement.  (Doc. 38.) The Medical Defendants (Buraslaw, Moclock and Wallace) have done the same.  (Doc. 56.)  Mr. Tunsil has yet to file a response to either motion.  The Court previously granted him an enlargement of time to file a response by March 25, 2020.  (Doc. 61.)

## II.    Discussion

### A.    Mr. Tunsil's Fifth Motion for Counsel

On February 28, 2020, the Court denied Mr. Tunsil's fourth request for counsel without prejudice citing the all familiar factors listed in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) which are utilized by district courts when exercising their discretionary power to appoint counsel for indigent civil litigants. (Doc. 58.)

In his present motion, Mr. Tunsil recites his myriad of physical and mental health infirmities which he suggests impedes his ability to represent himself. Mr. Tunsil suffers from hypertension, asthma, edema of the extremities, carpal tunnel syndrome, arthritis, glaucoma and dry eye. He also has undergone two hip replacements. (Doc. 62.) He is bipolar and anxious. He celebrates over 24 years of sobriety. He takes seven different medications daily. (*Id*.) Mr. Tunsil claims his medical and mental health problems impede his ability to represent himself in this matter. He also claims he is denied access to SCI-Coal Township's law library. (*Id*.) Mr. Tunsil does not provide any medical documentation of his physical or mental health illnesses. Likewise, he does not suggest he is housed in a specialized living unit for inmates with special mental health or medical needs within the facility. He does not present a history of psychiatric hospitalizations within the community or during his incarceration. He also does not identify his efforts to obtain counsel on his own or the impairment of that quest. (*Id*.)

As the Court previously advised Mr. Tunsil, prisoners do not have a constitutional or statutory right to appointment of counsel in civil cases. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). In determining whether to appoint counsel for an indigent civil litigant, district courts consider the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. *See Tabron*, *supra*; *see also* 28 U.S.C. § 1915(e)(1). The Court will not appoint counsel for Mr. Tunsil at this moment for several reasons.

First, Mr. Tunsil paid the filing fee and administrative fee in this matter. (Doc. 9.) He does not proceed *in forma pauperis* in this matter. (Doc. 9.) Thus, Section 1915(e)(1) does not apply to his claim. Nonetheless, even if the Court had authority to request counsel pursuant to 28 U.S.C. § 1915(e)(1), the Court only seeks volunteer counsel in the most serious and exceptional cases. *See Tabron*, *supra.* Mr. Tunsil does not present any evidence of his physical, mental or language barrier that prevents him from pursing his own case. His regular filings demonstrate his ability to read, write, comprehend, and communicate in English. The same filings also demonstrate his unimpeded access to communicate with the Court. His unsupported statements of psychological and physical issues alone do not demonstrate his inability to represent himself. To the extent Mr. Tunsil needs additional time to respond to, or file, documents with the Court, he can, and has, demonstrated his ability to seek an enlargement of any court deadline if needed. Further, at this stage of the proceedings, the Court cannot decide if Mr. Tunsil is likely to

succeed on the merits. Also, Mr. Tunsil has not demonstrated that he has been unable to search for his own attorney or that he is denied any access to the legal materials, or that the impediment at this moment, has interfered with his ability to move forward with this matter. For these reasons, Mr. Tunsil's fifth motion for the appointment of counsel will be denied without prejudice.

### B. Motion for a Temporary Restraining Order

Mr. Tunsil seeks a "restraining order against defendants" following a February 27, 2020 incident where his request to refill his asthma inhaler was not immediately fulfilled and staff did not transport him to the medical unit upon request. (Doc. 63.) Mr. Tunsil did not file a brief in support of his motion as required by Pa. M.D. Local Rule 7.5. For this reason alone, the motion is subject to dismissal. Alternatively, based on the information Mr. Tunsil provides in his motion, the Court finds he does not meet the exacting standards to award him injunctive relief based on this incident.

"A preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). In determining whether to grant a motion seeking preliminary injunctive relief, the Court considers the following four factors: "(1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the

absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the first two "gateway factors" are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179.

To date, Mr. Tunsil has not made a showing that he is likely to succeed on the merits of his claim that correctional staff or Defendants denied him medical care for racially motivated reasons. "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). Mr. Tunsil has not presented any evidence in his motion that he will suffer irreparable harm if his motion for injunctive relief is denied. On February 27, 2020, at approximately 7:41 a.m., Mr. Tunsil asked block officer if he could speak with the sick call nurse when she arrived at the housing unit. (Doc. 63 at 2.) Learning the nurse had already visited the unit, Mr. Tunsil told the officer he needed a refill of his asthma inhaler and stated it was an emergency. The officer contacted the medical department. Two nurses then came to the unit and spoke to Mr. Tunsil at his cell door but did not provide him with an inhaler. At 1:37 p.m. two more medical personal visited him at his cell but did not provide him with an inhaler. (*Id.*) At 7:37 p.m. a nurse

gave Mr. Tunsil a replacement inhaler and advised him to sign up for sick call.  He saw a Physician Assistant the following day.  (*Id.*)  Assessing the allegations of Mr. Tunsil's motion for a temporary restraining order, it will be denied based on his failure to allege irreparable harm.

       **C.**      **Motion for Enlargement of Time to Respond to Defendants' Motion for More Definite Statement**

In February 2020, Defendants filed motions for a more definite statement after receipt of Mr. Tunsil's Amended Complaint.  (Docs. 38 and 56.)  After Mr. Tunsil failed to oppose the motion or seek an enlargement of time to do so, the Court granted him a enlargement until March 25, 2020 to file a response.  (Doc. 61.)  On March 20, 2020, Mr. Tunsil requested an enlargement to respond to Defendants' motion based on illness. (Doc. 68.)  The motion will be granted.

An appropriate order follows.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: April 7, 2020