# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRETT S. TUNSIL,** : | Civil No. 1:19-CV-0386 |
| : | |
| **Plaintiff,** : | Judge Sylvia H. Rambo |
| : | |
| **v.** : | |
| : | |
| **GOVERNOR THOMAS WOLF,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## **MEMORANDUM**

Presently before the Court are Mr. Tunsil's motions for temporary restraining orders and a second motion for default. (Docs. 80 – 82.) As Mr. Tunsil has not demonstrated a likelihood of success on the merits on the underlying claims in this action or irreparable harm, his motions for injunctive relief will be denied. His motion for default will be denied as both sets of Defendants have filed motions pursuant to Fed. R. Civ. P. 12(e).

## I.  Relevant Procedural History

Mr. Tunsil is a state inmate incarcerated at the Coal Township State Correctional Institution (SCI-Coal Township) in Coal Township, Pennsylvania. Having paid the filing fee in this matter Mr. Tunsil proceeds *pro* se but not *in forma pauperis.* (Doc. 9.)  The Court dismissed his complaint upon screening but granted Mr. Tunsil leave to file an amended complaint.  (Doc. 14.)  Mr. Tunsil filed his amended complaint on June 12, 2019, naming twenty-one defendants.  He alleges that prison and contract medical staff, due to their racial animosities, verbally assaulted him and denied him medically necessary care for his physical and mental health ailments.  (Doc. 16.)  The Commonwealth and Medical Defendants have filed independent motions for more definite statements in response to the amended complaint.  (Docs. 38 and 56.)  Mr. Tunsil has until June 26, 2020, to file a brief opposition to Defendants' motions.  (Doc. 73.)

## II.  Discussion

### A.  Motions for Injunctive Relief

"A preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). In determining whether to grant a motion seeking preliminary injunctive relief, the Court considers the following four factors: "(1) has the

2

moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  If the first two "gateway factors" are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179.

Mr. Tunsil alleges prison officials are denying him access to his medical records, legal research materials and medical services for the purpose of severely injuring, maiming, crippling, kill or murdering him.  (Doc. 80 at 1.)  He claims prison staff continue to taunt him about his lawsuit and yell racial slurs at him. (*Id*.)  His request for the medical department to issue him a letter detailing all of his chronic conditions was denied.  (*Id*. at 2.)  Medical staff advised that his request would not be honored without a court order or subpoena and that his request for his medical records would not be honored because of COVID-19 restrictions.  (Doc. 81.)

The Court will deny Mr. Tunsil's motions for injunctive relief without prejudice because he has not met the exacting standards necessary to grant him

3

injunctive relief.  First, Mr. Tunsil has not made a showing of his likelihood of success on the merits of his claims asserted in the amended complaint.  He has not demonstrated that Defendants withheld medical care, or interfered with prescribed medical or mental health care, for racially or retaliatory reasons.  Additionally, he has not demonstrated irreparable harm if not granted immediate access to his medical records or the law library.  As noted, Mr. Tunsil's response to Defendants' motions for a more definite statement are not due until June 26, 2020.  The Department of Corrections' mitigation efforts in response to the COVID-19 pandemic have necessitated the modification of the number of inmates that may use the law library at any given time due to the need to maintain proper social distancing.  "Legal libraries will be prioritized based on most critical need." *See https://www.cor.pa.gov/Pages/COVID-19.aspx.* (last visited May 9, 2020).  Inmates with active criminal and habeas matters will take priority over civil actions such as Mr. Tunsil's.  Regardless, Mr. Tunsil has not demonstrated his need to access the law library in responding to Defendants' motions.  The Court is not persuaded that he needs access to the law library for the purpose of responding to the motions for a more definite statement as to his claims against each of the defendants.  Thus, he has not demonstrated that he will suffer irreparable if the requested relief is not granted.  Certainly, Mr. Tunsil has not demonstrated how any prison or medical Defendants have attempted to severely injure, maim, or

murder him.  The Court will not grant injunctive relief on such conclusory allegations.  Assessing the allegations of Mr. Tunsil's motions for injunctive relief, they will be denied due to his failure to meet the first two gateway factors necessary to the grant of injunctive relief.

Once Defendants' motions for a more definite statement are resolved, the Court will issue a scheduling order addressing discovery and the filing of dispositive motions in this case.  At that point, Mr. Tunsil will be permitted to serve defense counsels, not local prison officials, with interrogatories and requests for production of document in accordance with the Federal Rules of Civil Procedure to obtain information relative to his claims.

### B.     Second Motion for Default

Mr. Tunsil seeks default judgment in his favor in response to prison officials' refusal to grant him additional access to the prison law library.  Mr. Tunsil was advised as recently as May 4, 2020, that he was not welcome in the law library and that "anyone with a similar complaint would also be denied."  (Doc. 82.)  As previously noted, as part of the Pennsylvania Department of Corrections' mitigation measures necessitated by COVID-19, access to prison law libraries has been modified.  Mr. Tunsil has not demonstrated his temporary lack of access to the law library is guided by prison officials' malfeasance rather than their response

to the COVID-19 pandemic.  Mr. Tunsil's lack of access to the law library at this moment will not hamper his ability to respond to Defendants' pending motions. Additionally, his motion for default will be denied because both the Commonwealth and Medical Defendants have filed motions for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  *See* Docs. 38 and 56. A motion to dismiss filed pursuant to 12(e) alters a party's date for filing an answer to the complaint.  *See* Fed. R. Civ. P. 12(a)(4).

    An appropriate order follows.

                              s/Sylvia H. Rambo
                              SYLVIA H. RAMBO
                              United States District Judge

Dated:  May 29, 2020