# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRETT S. TUNSIL, | : | Civil No. 1:19-CV-0386 |
| Plaintiff, | : | |
| v. | : | |
| GOVERNOR THOMAS WOLF, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Plaintiff Barrett Tunsil filed this lawsuit against twenty-one individuals who are either employees of the Commonwealth of Pennsylvania or the medical contractor that provides services to inmates at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania. (Doc. 16.) The Commonwealth Defendants[1] and the Medical Defendants[2] both filed timely and properly supported motions for a more definite statement based on their inability to file a proper response to the amended complaint due to Tunsil's alleged failure to comply with Rule 8 of the Federal Rules of Civil Procedure, as

---

[1] The Commonwealth Defendants are: Wolf, Wetzel, Moore-Smeal, McGinley, Hopwood, Kopp, Schell, Nurse Patty, Rudisil, Adams, Brownawell, Kramer, Dunn, Biscoe, Friese, Fisher and Howell.

[2] The Medical Defendants are: Dr. Moclock, Dr. Wallace, and Physician Assistant ("PA") Boguslaw.

well as his improper joinder of claims and parties.[3]  (Docs. 38, 56).  Tunsil has only responded to the Commonwealth Defendants' motion.  For the reasons that follow, Defendants' motions will be granted and Tunsil will be granted leave to file a second amended complaint.

### BACKGROUND AND PROCEDURAL HISTORY

Barrett Tunsil ("Tunsil" or "Plaintiff"), who is presently housed at SCI–Coal Township, filed this action on May 1, 2019.  (Docs. 1, 16.)  After Tunsil paid the filing fee, the court screened his complaint pursuant to 28 U.S.C. § 1915A.  The court dismissed the complaint because it failed to state a claim for which relief could be granted and because it did not comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.  The court granted Tunsil leave to file an amended complaint and cautioned that his amended pleading must "be specific enough as to time and place and should identify what each defendant did that led to [the] deprivation of his rights."  (Doc. 14.)  After Tunsil filed an amended complaint, the court directed service of the amended complaint on Defendants.  (Docs. 16, 29.)

In his amended complaint, Tunsil alleges that he was "viciously and verbally abused/assaulted" by staff at SCI-Graterford, SCI-Camp Hill and SCI-Coal

---

[3] Upon a review of the docket, it appears that Dr. Cooper, a dentist, was never served with the amended complaint.  For the reasons explained *infra,* this oversight does not impact the court's decision, as 42 U.S.C. § 1915 permits the court to address the viability of claims lodged against this defendant as well as those who were served.

2

Township between June 2016 through July 2019.  (Id., pp. 5, 7.)[4]  Tunsil alleges that staff at the various institutions repeatedly referred to him in racially offensive terms.  (Doc. 16, p. 5.)  In August 2016, Sgt. Adams, who works at SCI-Coal Township, is alleged to have called Tunsil "boy", "negro", "nigger", "coon", and "you people".  (*Id*.)  Superintendent McGinley allegedly apologized to Tunsil for CO Adam's behavior, but no further action was taken.  (*Id*.)  Tunsil alleges he filed grievances against the following individuals who "racially violated" his rights: (1) Sgt. Adams; (2) Sgt. Hopwood; (3) Sgt. Green; (4) Lt. Drucas; (5) C/O Friese; (6) [C/O] Rossil; (7) C/O Wyda Jr.; (8) CO Shutz (SCI-Camp Hill); (9) LPN Patty; (10) Dr. Wallace; (11) Sgt. Shell; (12) Unit Mngr. Williams; (13) Unit Mangr. Dunn; (14) Sgt. Kopp; (15) Unit Mngr. Fisher; (16) SCI Superin (sic) Thomas McGinley; (17) Dr. Gosby, Psychologist; (18) Psychologist Schultz (19) C/O Dinopolo; (20) Business Mngr. Nancy Wilson; and (21) Mailroom Superv. Ms. Brokenshire, etc."[5]  (*Id*., p. 8.)

While at SCI-Graterford, Tunsil also alleges that he received "inferior medical, dental, and mental health care" in retaliation for his filing of grievances. (*Id*., p. 6.)  Tunsil was denied his blood pressure medication for six months while

---

[4] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[5] Sgt. Green, Lt. Drucas, CO Rossil, CO Wyda Jr., CO Shutz, Unit Manager ("UM") Williams, Dr. Gosby, Psychologist Schultz, CO Dinapolo; UM Wilson and Ms. Brokenshire are not named Defendants in this action.  *See Id.*, pp. 2–4.

at SCI-Graterford.  (*Id.*)  At some point in time, Tunsil claims Dr. Wallace "threatened [him] with death."  (*Id.*)  In January 2017, he needed "emergency" medical care due to the "medical negligence" of Defendant Cooper, a dentist.  (*Id.*)

Tunsil alleges that he continues to have problems walking following his March 2017 left hip replacement.  He claims that he was denied physical therapy immediately following his surgery.  (*Id.*)  Tunsil also claims that he was "illegally forced" into an institution's Restricted Housing Unit ("RHU") for "racially motivated" and "retaliatory" reasons.  (*Id.*)  While in the RHU, Tunsil alleges that he fell and was denied medical care as well as threatened with the denial of food, showers, and pain medication when he complained.  (*Id.*)

Tunsil claims his grievances and complaints that he "was being racially violated" were "routinely returned secretly with no response."  (*Id.*, p. 8.)  His letters to Governor Wolf, Secretary Wetzel, Superintendent McGinley, and other senior staff executives were routinely ignored and his "factual evidence of racial hatred against [him]" by staff was dismissed.  (*Id.*)  As relief he seeks an "independent, mental health, medical, dental, legal evaluation," and criminal and civil rights investigation into the "criminal acts of racial hatred" he and other inmates within the Pennsylvania Department of Corrections ("DOC") experience.  Finally, he seeks compensatory and punitive damages.  (*Id.*, p. 6.)

On December 20, 2019, the Commonwealth Defendants filed timely motions pursuant to Fed. R. Civ. P. 12(e) asking the court to order Tunsil to provide a more definite statement of the claims asserted in the amended complaint. (Doc. 38.) The Medical Defendants filed a similar motion on February 17, 2020. (Doc. 56.) In the interim Tunsil filed repeated motions for default judgment, motions for temporary restraining orders, and motions for recusal for the judicial officer assigned to this case.[6] On June 24, 2020, after receiving several enlargements of time, Tunsil only filed an opposition to the Medical Defendants' motion. (Doc. 101.)

On July 21, 2020, Tunsil filed an appeal to the United States Court of Appeals for the Third Circuit. This court stayed Tunsil's proceedings pending the disposition of Tunsil's appeal. (Doc. 110.) On March 11, 2021, the Third Circuit Court dismissed Tunsil's appeal for lack of jurisdiction. (Doc. 128–1.) On May 4, 2021, the court lifted the stay in this matter and reinstated all pending motions. (Doc. 130.) Defendants' motions for a more definite statement are ripe for disposition.

## JURISDICTION

This court has jurisdiction over Plaintiff's 42 U.S.C. 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter

---

[6] The Honorable Sylvia H. Rambo presided over this matter until December 3, 2020.

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained above and the details desired." *Id.*; *see also Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

When evaluating a motion for a more definite statement, the court must assess the complaint in light of the pleading requirements of Fed. R. Civ. P. 8. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require a detailed play-by-play accounting of the events and claims against each defendant, however, it does require a pleading to move beyond "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. A proper pleading "should set forth who is being sued, for what relief, and on

what theory, with enough detail to guide discovery." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (internal quotation marks and citations omitted). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (internal quotation marks and citations omitted).

Rule 12(e) motions are disfavored and are only granted "if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT, Inc. v. Rush Twp.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002) (citation omitted). If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.,* 250 F.R.D. 178, 182 (M.D. Pa. 2008).

## DISCUSSION

Both the Commonwealth and Medical Defendants ask the court to order Tunsil to provide a more definite statement of his claims as the amended complaint, in its current form, violates Fed. R. Civ. P. 8, and Defendants assert that they cannot formulate a responsive pleading. Defendants want Tunsil to clearly identify his individual claims against each Defendant, as well as the time period for

each claim, and the location where the events giving rise to each claim occurred. (Docs. 39, 57.) The court agrees, and will grant Defendants' motions.

The major flaw of Tunsil's amended complaint warranting relief is that it is devoid of any "simple, concise, and direct" statements setting forth his claims against the individual Defendants. Fed. R. Civ. P. 8(a) and (d). While the parties can decipher Tunsil's claims of verbal abuse, denial of medical care, and a retaliation claim, the contours of these claims are not defined. Tunsil's conclusory allegations of constitutional violations cannot be separated into claims against individual Defendants defined by a date and time, and are not supported by any factual allegations. The amended complaint in its present form is inscrutable.

In sum, even when liberally construing this self-represented Plaintiff's amended complaint, it is difficult to decipher. It is vague and ambiguous, and Defendants do not have fair notice of what Tunsil's claims are or the grounds upon which they rest. There is no guidance as to when or where his claims arose, or what actions individual Defendants took, or failed to take, that allegedly violated Tunsil's constitutional rights. As such, the amended complaint does not satisfy the minimum requirements of Rule 8(a). Accordingly, pursuant to Fed. R. Civ. P. 12(e), the court will grant Tunsil a final opportunity to cure the defects of his pleading. However, Tunsil is cautioned that the court has the authority to strike the

second amended complaint if the court's order to provide a more definite statement is not obeyed. *See* Fed. R. Civ. P. 12(e).

The court will grant Tunsil a final opportunity to file a second amended complaint that sets forth all of his claims for relief against each defendant, including the facts supporting each claim, and complies with the Federal Rules of Civil Procedure. If Tunsil decides to file a second amended complaint, he must clearly label it "Second Amended Complaint" on the face of the document. It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form. Illegible documents will be returned to Plaintiff without consideration by the court. The second amended complaint, if filed, will supersede (replace) the amended complaint. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

The court cautions Tunsil that the second amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). The factual allegations of the second amended complaint may not be conclusory. Each allegation must be set forth in an individually numbered paragraph describing the date and time of the events alleged, and identifying wherever possible the participants in the act about which he complains of. *Id.*; Fed. R. Civ. P. 10(b). Further, the claims set forth in the

second amended complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all Defendants.  *See*  Fed. R. Civ. P. 18(a) and 20(a)(2).  Plaintiff is prohibited from joining unrelated claims and defendants in a single lawsuit.  *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007).  For example, Tunsil may not include events that transpired at three separate facilities, involving diverse groups of defendants, in a single action.  (*Id.*)

If Tunsil fails to file a legible second amended complaint that complies with the Federal Rules of Civil Procedure on the court's form within twenty-one days, the court will dismiss his action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The court also places Plaintiff on notice that his second amended complaint may also be subject to a screening review by the court to determine its legal sufficiency.  *See* 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A.

An appropriate order follows.

        s/ Jennifer P. Wilson
        JENNIFER P. WILSON
        United States District Court Judge
Dated:  July 21, 2021        Middle District of Pennsylvania